WEBBER LAW GROUP, P.C.
  Douglas M. Egbert, State Bar No. 265062
  Douglas.Egbert@webberlawgroup.com
  Shaelyn A. Stewart, State Bar No. 335149
  Shaelyn.Stewart@webberlawgroup.com
  Joseph D. Parsons, State Bar No. 340074
  Joey.Parsons@webberlawgroup.com
1215 K Street, 17th Floor,
Sacramento, CA 95814
Telephone: (916) 588-0683

Attorneys for Plaintiff TABATHA MILLER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABATHA MILLER,<br><br>                Plaintiff,<br><br>        vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART INC., a Delaware corporation; EMMY RODRIGUEZ, an individual; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. 3:22-cv-03878 [Assigned to the Honorable Chief District Judge Richard Seeborg)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS M. EGBERT; [PROPOSED] ORDER**<br><br>Date:        September 15, 2022<br>Time:        1:30 p.m.<br>Courtroom:  3 – 17th Floor<br><br>Trial Date:    Not Set |

1

**NOTICE OF MOTION AND MOTION**

2 TO THE HONORABLE COURT, DEFENDANTS, AND DEFENDANTS' COUNSEL:

3      NOTICE IS HEREBY GIVEN that on September 15, 2022, at 1:30 p.m., or as soon thereafter

4 as this matter may be heard by the Honorable Judge Richard Seeborg, in the above-captioned Court,

5 located at the San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Ave., San

6 Francisco, CA 94102, Tabatha Miller ("Plaintiff") will move and hereby does move the Court for an

7 order remanding this action to the Superior Court of California, County of Sacramento, from where

8 the action was removed.

9      This Motion is made pursuant to 28 U.S.C. §§ 1441(b)(2) and 1447(c) and on the grounds

10 that Wal-Mart Associates, Inc., Walmart, Inc., and Emmy Rodriguez's (collectively, "Defendants")

11 Notice of Removal is procedurally defective because Defendant Rodriguez is a non-diverse party

12 and this Court has no subject matter jurisdiction. *See* 28 U.S.C. § 1441(b)(2).

13      This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum

14 of Points and Authorities, the Declaration of Douglas M. Egbert, and the Court's files and records

15 herein, and upon such further papers and arguments as may be presented to the Court prior to and at

16 the hearing on this Motion.

17      Pursuant to Judge Seeborg's Notice Re: Appearances and Continued Use of Zoom, the

18 hearing on this Motion shall be heard via Zoom.  If counsel wish to appear in person, they must file

19 a request to do so on ECF at least 72 hours in advance of the scheduled proceeding.  The Zoom link

20 is available here:  https://www.cand.uscourts.gov/judges/seeborg-richard-rs/

21 Dated: July 6, 2022           WEBBER LAW GROUP, P.C.

22

23               By: _____

24                      Douglas M. Egbert

25                      Shaelyn A. Stewart

                      Joseph D. Parsons

26          Attorneys for Plaintiff TABATHA MILLER

27

28

PLAINTIFF'S NTC OF MTN AND MTN FOR
REMAND; MEMO OF POINTS AND
AUTHORITIES; DECL; [PROPOSED] ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUE TO BE DECIDED

Whether Defendants' removal of this case was procedurally defective and this Court lacks subject matter jurisdiction where Defendant Rodriguez is a non-diverse party.

### II.   SUCCINCT STATEMENT OF FACTS AND PROCEDURAL HISTORY

On May 11, 2022, Plaintiff filed a Verified Complaint for Damages against Defendants ("Complaint").   The Complaint includes two causes of action against non-diverse Defendant Rodriguez:  The second cause of action for pregnancy disability harassment pursuant to California Government Code section 12940(j); and eleventh cause of action for intentional infliction of emotional distress.

The facts relevant to Defendant Rodriguez are as follows:  Defendant Rodriguez was a Front End Lead Manager and/or People Lead for Defendant Walmart's Contra Costa, California store (Complaint, ¶ 3); Defendant Rodriguez would nefariously change Plaintiff's leave requests in the third-party administrator portal, thereby complicating Plaintiff's leave (Complaint, ¶ 14); Defendant Rodriguez would micromanagement Plaintiff, exclude Plaintiff from rest breaks, make inappropriate comments about Plaintiff taking rest breaks, and stalk Plaintiff during rest breaks (Complaint, ¶ 19); Defendant Rodriguez messed with Plaintiff's scheduling in retaliation for Plaintiff including Defendant Rodriguez in her complaints about ongoing harassment, discrimination, retaliation, depression, anxiety, and stress (Complaint, ¶¶ 21-22); Defendant Rodriguez repeatedly attempted to get rid of Plaintiff by improperly altering Plaintiff's schedule (Complaint,   ¶ 22); Defendants (including Defendant Rodriguez) harassed Plaintiff based on Plaintiff's sex and pregnancy (Complaint, ¶ 40); Defendant Rodriguez's conduct was extreme and outrageous (Complaint, ¶ 125).

On June 30, 2022, Defendants removed this case to Federal Court in the Northern District of California on the purported basis of diversity jurisdiction.  Defendants' argument is that Defendant Rodriguez is a sham defendant.  Plaintiff vehemently disputes Defendant's position.

///

///

///

1  **III.     LEGAL ARGUMENT**

2       **A.     Defendant Bears the "Heavy Burden" of Demonstrating Fraudulent Joinder.**

3       Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in

4  removal procedure." 28 U.S.C. § 1447(c).  A motion for remand lies where there is no diversity of

5  citizenship, or the claim does not "arise under" federal law.  Such defects go to the Court's subject

6  matter jurisdiction and can be raised at any time.  *International Primate Protection League v.*

7  *Administrators of Tulane Educational Fund*, 500 US 72, 87 (1991).  A motion for remand also lies

8  to challenge procedural defects, including removals violating the no local defendant limitation in

9  diversity cases. 28 U.S.C. § 1441(b)(2); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991).

10       A motion for remand forces the defendant to prove by a preponderance of evidence whatever

11  is necessary to support the removal (e.g., the existence of diversity).  *Gaus v. Miles, Inc.*, 980 F.2d

12  564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the

13  defendant always has the burden of establishing that removal is proper").  The removing defendant

14  bears the "heavy burden" to show that the nondiverse defendant was "fraudulently" joined.  *Simon*

15  *v. Hofgard*, 172 F.Supp.2 993, 1000 (D DC 2016).  To prove fraudulent joinder, the defendant must

16  show that the plaintiff "fails to state a cause of action against a resident defendant, and the failure is

17  obvious according to the settled rules of the state."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,

18  1067 (9th Cir. 2001) (citing *McCabe*, 811 F.2d at 1339).  A defendant must prove fraudulent joinder

19  by clear and convincing evidence.  *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203,

20  1206 (9th Cir. 2007).  Further, "all disputed questions of fact and all ambiguities in the controlling

21  state law are [to be] resolved in plaintiff's favor."  *Calero v. Unisys Corp.*, 271 F.Supp.2d 1172, 1176

22  (N.D. Cal.2003).  Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under

23  [state] law against the non-diverse defendants[,] the court must remand."  *Macey v. Allstate Prop. &*

24  *Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002); see also *Walter E. Campbell Co. v.*

25  *Hartford Fin. Servs. Grp., Inc.*, 48 F.Supp.3d 53, 56 (D DC 2014) (to carry its heavy burden, the

26  removing defendant must show there is not possibility that "the plaintiff can establish a cause of

27  action" or "right to relief" against the non-diverse defendant); see also *Boyd v. Kilpatrick*, 79

28  F.Supp.3d 153, 157 (D DC 2015) ("If the Court concludes, after construing all of the facts in a

1  plaintiff's favor, that there is *even a possibility* that a state court would find a cause of action stated

2  against [the non-diverse defendant] on the facts alleged by the plaintiff, diversity is incomplete and

3  the case must be remanded").

4       Fraudulent joinder requires more than simply showing that a plaintiff has failed to state a

5  claim for relief.  See *Mireles v. Wells Fargo Bank*, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012)

6  (citing *Latino v. Wells Fargo Bank, N.A.*, No. 11–cv–02037, 2011 WL 4928880, at *3 (E.D. Cal.

7  Oct.17, 2011)).  "'In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined

8  if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in

9  the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is

10  questioned.'" *Id.* (quoting *Sun v. Bank of Am. Corp.*, No. 10–0004 AG (MLGx), 2010 WL 454720,

11  at *3 (C.D. Cal. Feb.8, 2010)) (emphasis added).  To establish fraudulent joinder, "Defendants must

12  show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend

13  his complaint to cure th[e] purported deficiency.'" *Id.* (quoting *Burris v. AT & T Wireless, Inc.*, No.

14  06–02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. Jul.19, 2006).  In California, "leave to amend

15  is liberally allowed as a matter of fairness, unless the complaint shows on its face that it is incapable

16  of amendment." *City of Stockton v. Superior Court*, 42 Cal.4th 730, 747 (2007).

17       With these principles in mind, and for the reasons detailed below, Defendant Rodriguez is

18  *not* a "fraudulent" defendant and this matter should be remanded to state court.

19      **B.**    **Plaintiff's Complaint States a Claim for FEHA Harassment Against Non-**

20          **Diverse Defendant Rodriguez.**

21       To prevail on Plaintiff's harassment claim against Defendant Rodriguez, Plaintiff must prove:

22  (1) That Plaintiff was an employee of Defendant Walmart; (2) That Plaintiff was subjected to

23  harassing conduct because of her disability; (3) That the harassing conduct was severe or pervasive;

24  (4) That a reasonable person in Plaintiff's circumstances would have considered the work

25  environment to be hostile, intimidating, offensive, oppressive, or abusive; (5) That Plaintiff

26  considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive; (6)

27  That Defendant Rodriguez participated in the harassing conduct; (7) That Plaintiff was harmed; and

28  (8) That the conduct was a substantial factor in causing Plaintiff's harm.  CACI 2522A; *Ortiz v.*

*Dameron Hosp. Assn.*, 37 Cal.App.5th 568, 581 (2019).  Defendants argue that (1) Defendant Rodriguez merely engaged in personnel management actions, and (2) the Complaint does not sufficiently allege facts demonstrating the harassment was severe or pervasive.  Defendants are mistaken for at least three reasons.

First, Defendant Rodriguez's treatment of Plaintiff was not a mere personnel action; rather, it was part of a personal vendetta and campaign against Plaintiff made in an effort to get Plaintiff to voluntarily quit her job.  As set forth in the Complaint, Defendant Rodriguez would nefariously change Plaintiff's leave requests, thereby complicating Plaintiff's leave (Complaint, ¶ 14), Defendant Rodriguez would make inappropriate comments about Plaintiff taking breaks and would stalk Plaintiff during breaks (Complaint, ¶ 19), and Defendant Rodriguez messed with Plaintiff's scheduling in a repeated attempt to get rid of Plaintiff (Complaint, ¶ 22).  Defendant Rodriguez took these actions because of Plaintiff's sex and pregnancy (Complaint, ¶ 40).  As these allegations show, Defendant Rodriguez's treatment of Plaintiff rose far beyond a mere personnel action; rather, Defendant Rodriguez's actions included making inappropriate comments and instituting a campaign of harassment in an attempt to get Plaintiff to quit her job.

Defendant Rodriguez's actions are not unlike those of the non-diverse supervisor in the case of *Silverman v. Wells Fargo Ins. Services USA, Inc.*, 20 F.Supp.3d 1357.  In *Silverman*, the Court found that Plaintiff had sufficiently alleged a claim for tortious interference with an advantageous business relationship against the non-diverse supervisor and remanded the case back to the state court.  *Id.* at 1362-1363.  The basis for the Court's finding was the allegation that the non-diverse supervisor had "maliciously instructed employees and agents of Wells Fargo" not to pay [the plaintiff's] commissions and that [the non-diverse supervisor and co-worker] caused Wells Fargo to terminate [the plaintiff] because of personal animus and for their own personal financial benefit." *Id.*  Messing with an employee's commissions and attempting to get an employee fired are akin to Defendant Rodriguez messing with Plaintiff's leave and schedule and trying to get Plaintiff to quit because she was upset that Plaintiff had named her in Plaintiff's internal complaint. (Complaint, ¶ 22).  In other words, while Defendant Rodriguez's actions superficially may appear as personnel

1  decisions, digging deeper reveals Defendant Rodriguez was motivated by personal animus as
2  evidenced, for example, by the inappropriate remarks alleged in the Complaint.

3        Second, Defendants cite the wrong standard for harassment, arguing that "[t]he victim of
4  harassment must show a 'concerted pattern of harassment . . .'" quoting *Davis v. Monsanto Chemical*
5  *Co.*, 858 F.2d 345, 349 (6th Cir. 1988). However, in California, the standard is that "[a] single
6  incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile
7  work environment if the harassing conduct has unreasonably interfered with the plaintiff's work
8  performance or created an intimidating, hostile, or offensive environment." Cal. Gov. Code
9  § 12923(b); see also *Brooks v. City of San Mateo*, 229 F.3d 917 (9th Cir. 2000). Here, there are
10 multiple instances of harassment alleged sufficient to satisfy California's low bar for the "severe or
11 pervasive" element.

12       Third, even if this is considered a "borderline situation," any doubt is resolved in favor of the
13 retention of the cause in the state court and the case should be remanded. *IDS Property Cas. Ins. Co.*
14 *v. Gambrell*, 913 F.Supp.2d 748, 752 (D. Ariz. 212).

15     **C.**     **Plaintiff's Complaint States a Claim for Intentional Infliction of Emotional**
16           **Distress Against Non-Diverse Defendant Rodriguez.**

17       Defendants argue that Plaintiff has not stated a viable claim of IIED against non-diverse
18 Defendant Rodriguez because (1) the claim is barred by the workers' compensation exclusivity
19 doctrine, and (2) the conduct alleged was a personnel decision that can "never" constitute "extreme
20 and outrageous conduct" (one of the elements of an IIED claim). Defendants are mistaken.

21       First, California courts take "the long-standing view" that FEHA violations fall "outside the
22 compensation bargain and therefore claims of intentional infliction of emotional distress based on
23 such [FEHA violations] are not subject to workers' compensation exclusivity." *Light v. Dept. of*
24 *Parks and Rec.*, 14 Cal.App.5th 75, 97-98, 101 (2017) (collecting cases); see also *Tuens v. U.S. Bank*
25 *Nat'l. Assn.*, 2020 WL 5893406, *7 (N.D. Cal. 2020) (finding that because workers' compensation
26 preemption did not apply where the plaintiff *could have* stated a claim for FEHA harassment). *Light*
27 quotes the following reasoning from *Accardi v. Sup. Ct.*, 17 Cal.App.4th 341, 352-353 (1993):

28               Emotional distress caused by misconduct in employment relations
              involving, for example, promotions, demotions, criticism of work practices,

PLAINTIFF'S NTC OF MTN AND MTN FOR
REMAND; MEMO OF POINTS AND
AUTHORITIES; DECL; [PROPOSED] ORDER

> negotiations as to grievances, is a normal part of the employment environment. A cause of action for such a claim is barred by the exclusivity remedy provision of the workers' compensation law.   The Legislature, however, did not intend that an employer be allowed to raise the exclusivity rule for the purpose of deflecting a claim of discriminatory practices . . . . [the plaintiff] allege[d] that she suffered emotional distress because of the pattern of continuing violations which were discriminatory; her cause of action for emotional distress is founded upon actions that are outside the normal party of the employment environment and violate this state's policy against sex discrimination . . . . As such, her claim for emotional distress arising out of sexual harassment is not barred by the exclusivity provisions of workers' compensation laws.

*Light* at 98.

Here, Plaintiff's IIED claim is based on non-diverse Defendant Rodriguez's FEHA violations (specifically, the Defendant Rodriguez's harassment of Plaintiff based on Plaintiff making a retaliation complaint and based on Plaintiff's sex, pregnancy, and disability. The law as stated in *Light* is clear, and workers' compensation exclusivity does not apply in this situation.

Second, Plaintiff has sufficiently alleged facts supporting that non-diverse Defendant Rodriguez's conduct was extreme and outrageous.  "'Outrageous conduct'" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community." CACI 1602. In deciding whether the defendant's conduct was outrageous, the finder of fact is to consider, among other things, whether the defendant abused a position of authority to harm the plaintiff.  *Id.*; see also *Alcorn v. Anbro Engineering, Inc.*, 2 Cal.3d 493, 498-499 fn. 2 (1970) (the employer-employee relationship has been recognized as one significantly contributing to the conclusion that particular conduct was outrageous; "Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in a particular case, the conduct has been sufficiently extreme and outrageous to result in liability").

Here, Plaintiff has not merely alleged that Defendant Rodriguez engaged in personnel decisions; rather, Plaintiff has alleged that Defendant Rodriguez messed with Plaintiff's leave rights and schedule in retaliation for Plaintiff making complaints about her and did so to harass Plaintiff and cause Plaintiff emotional distress.  As previously explained, this falls outside the workers' compensation bargain.   Similarly, given the employer-employee relationship and Defendant Rodriguez's position as a "People Lead" (a human resources position) this is exactly the type of

1  situation that should be presented to the trier of fact to determine whether the conduct was outrageous

2  (e.g., by determining Defendant Rodriguez's motivations for these so-called "personnel decisions").

### III.   CONCLUSION

4      For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's

5  Motion and remand this matter back to the California Superior Court in and for Contra Costa County.

Dated: July 18 2022

                 WEBBER LAW GROUP, P.C.

                 By: _____
                         Douglas M. Egbert
                         Shaelyn A. Stewart
                         Joseph D. Parsons

                 Attorneys for Plaintiff
                 TABATHA MILLER

1  **DECLARATION OF DOUGLAS M. EGBERT**

2  I, Douglas M. Egbert, hereby declare:

3      1.      I am a licensed attorney in the State of California, am a Partner at Webber Law Group,

4  P.C., attorneys of record for Plaintiff, and am authorized to appear before this Court.  I am the

5  attorney primarily responsible for this case, am familiar with the Complaint and case file, and make

6  this declaration in support of Plaintiff's Motion for Remand.  This declaration is based on my own

7  personal knowledge, and I could and would testify regarding the matters set forth herein if called to

8  do so.

9      2.      For the Court's convenience, attached hereto as **Exhibit 1** is a true and correct copy

10  of Plaintiff's Verified Complaint for Damages and Demand for Jury Trial filed in the Superior Court

11  of the State of California, County of Contra Costa, Case No. C22-00987.

12      I declare under penalty of perjury under the laws of the United States and the State of

13  California that the foregoing is true and correct.  Executed this 18th day of July 2022, in Sacramento,

14  California.

15

16

                                DOUGLAS M. EGBERT

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NTC OF MTN AND MTN FOR
REMAND; MEMO OF POINTS AND
AUTHORITIES; DECL; [PROPOSED] ORDER

1

**[PROPOSED] ORDER**

2          BEFORE THE COURT is Plaintiff's Motion to Remand.  This matter was submitted for

3    consideration after oral argument.  The Court has reviewed the briefing and the record and files

4    herein, and is fully informed.  The Court hereby finds that complete diversity does not exist and that

5    Defendant Rodriguez is not a "fraudulently" named defendant.

6          ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is

7    GRANTED.  The Court hereby REMANDS this matter to the Contra Costa County Superior Court.

8    All pending hearings scheduled before this Court are hereby vacated.

9          The District Court Clerk is directed to enter this Order, serve copies on all counsel, and mail

10   a certified copy of this Order to the Clerk of the Contra Costa County Superior Court, and close this

11   file.

12   DATED:_____          _____

13                                          HON. RICHARD SEEBORG,
                                            Chief District Court Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NTC OF MTN AND MTN FOR
REMAND; MEMO OF POINTS AND
AUTHORITIES; DECL; [PROPOSED] ORDER

# EXHIBIT  1

FILED

MAY 11 2022

MICHAEL MACAPINLAC

BY PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT___39___, FOR ALL
PURPOSES

SUMMONS ISSUED

1  WEBBER LAW GROUP, P.C.
2      Douglas M. Egbert, State Bar No. 265062
       Douglas.Egbert@webberlawgroup.com
       Shaelyn A. Stewart, State Bar No. 335149
3      Shaelyn.Stewart@webberlawgroup.com
       Joseph D. Parsons, State Bar No. 340074
4      Joey.Parsons@webberlawgroup.com
   1215 K Street, 17th Floor
5  Sacramento, CA 95814
   Telephone: (916) 588-0683
6

7  Attorneys for Plaintiff TABATHA MILLER

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF CONTRA COSTA

10

11  TABATHA MILLER,                        )  Case No.   C 2 2 - 0 0 9 8 7
                                           )
12              Plaintiff,                  )
          vs.                              )  PLAINTIFF'S VERIFIED COMPLAINT
13                                         )  FOR DAMAGES AND DEMAND FOR
                                           )  JURY TRIAL
14  WAL-MART ASSOCIATES, INC., a           )
    Delaware corporation; WALMART INC., a  )   1.  Pregnancy Disability Discrimination:
15  Delaware corporation; EMMY RODRIGUEZ,  )       Gov. Code § 12940, subd. (a);
    an individual; and DOES 1 through 50,  )   2.  Pregnancy Disability Harassment:
16  inclusive,                             )       Gov. Code § 12940, subd. (j);;
                                           )   3.  Failure to Accommodate: Gov. Code
17              Defendants.                 )       § 12940 et seq.;
                                           )   4.  Failure to Engage in the Interactive
18                                         )       Process: Gov. Code § 12940 et seq.;
                                           )   5.  Gender Discrimination: Gov. Code §
19                                         )       12940(a);
                                           )   6.  FEHA Retaliation: Gov. Code §
20                                         )       12940 et seq.;
                                           )   7.  Labor Code § 1102.5 Retaliation;
21                                         )   8.  Labor Code § 6409.6(f) Retaliation;
                                           )   9.  Violation of Labor Code § 98.6
22                                         )   10. Failure to Prevent Discrimination,
                                           )       Harassment, and Retaliation: Gov.
23                                         )       Code § 12940, subd. (k);
                                           )   11. Intentional Infliction of Emotional
24                                         )       Distress;
                                           )   12. Wrongful Termination in Violation of
25                                         )       Public Policy;
                                           )   13. Failure to Pay Minimum Wages;
26                                         )   14. Failure to Pay Overtime Wages;
                                           )   15. Failure to Pay Wages Owed;
27                                         )   16. Rest Period Liability;
                                           )   17. Meal Period Liability;
28

                                    1
                                                   PLAINTIFF'S VERIFIED COMPLAINT
                                                                   FOR DAMAGES

|   | )   | **18. Failure to Provide Accurate, Itemized Wage Statements;** |
|---|---|---|
| 1 | ) | |
| 2 | ) | **19. Waiting Time Penalties; and** |
| 3 | ) | **20. Violation of Business & Professions Code, Section 17200 et seq.** |
| 4 | ) | **21. Failure to Reimburse for Necessary Expenditures;** |
| 5 | ) | **22. Failure to Produce Payroll Records; and** |
| 6 | ) | **23. Failure to Produce Personal Records.** |
| 7 | ) | **UNLIMITED CIVIL CASE** |

8

9   TABATHA MILLER ("Plaintiff") submits the instant Verified Complaint for Damages and

10  Demand for Jury Trial against WAL-MART ASSOCIATES, INC., WALMART INC., EMMY

11  RODRIGUEZ, and DOES 1 through 50 (collectively, "Defendants"), as follows:

12                              **PARTIES AND JURISDICTION**

13      1.      Plaintiff, under information and belief, was, at all times relevant to this action, an

14  employee of WAL-MART ASSOCIATES, INC. and WALMART INC., (collectively "Defendant

15  Walmart").

16      2.      Defendant Walmart was, at all times relevant to this action, a Delaware corporation

17  doing business in Contra Costa County, State of California. Under information and belief, Defendant

18  Walmart was, at all times relevant to this action, Plaintiff's employer.

19      3.      Defendant EMMY RODRIGUEZ ("Defendant Rodriguez") was, at all times relevant,

20  a Front End Lead Manager and/or People Lead at Defendant Walmart's Contra Costa, California

21  store, and was a managing agent of Defendant Walmart with respect to the matters alleged herein.

22      4.      Venue and jurisdiction are proper because the majority of events giving rise to this

23  action took place in Contra Costa County, because Defendant Walmart was doing business in Contra

24  Costa County, because Plaintiff entered into employment in Contra Costa County, because Plaintiff

25  worked for Defendant Walmart in Contra Costa County, because the damages sought exceed the

26  jurisdictional minimum of this Court, and because the majority of witnesses reside in Contra Costa

27  County.

28

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

5.     The true names and capacities, whether individual, corporate, associate or otherwise of defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names, involvement and capacities when the same have been ascertained. DOES 1 through 50 are residents of the State of California and/or are authorized to do business in the State of California and/or have their principal place of business in the State of California. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein as a DOE was, in some manner, responsible for the injuries and losses suffered by Plaintiff.

6.     At all relevant times, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining Defendant. All actions of each Defendant as alleged herein were ratified and approved by every other Defendant or their officers, directors, or managing agents.

## STATEMENT OF FACTS

7.     Plaintiff began working for Defendant Walmart on or about December 14, 2018. Plaintiff worked at the Walmart store located at 4893 Lonetree Way, Antioch, California 94531. Plaintiff was a valued employee of Defendant Walmart for about the first year of Plaintiff's employment.

8.     In or about February 2020, Plaintiff was feeling unwell at work and went to see her doctor. She learned that she was pregnant and that it was a high-risk pregnancy.

9.     Upon returning to work, Plaintiff attempted to speak with her supervisors to let them know of her high-risk pregnancy and to request accommodations for her condition, including additional rest breaks. At least two supervisors turned Plaintiff away and refused to address her need for accommodation related to her high-risk pregnancy.

10.    Plaintiff sometimes needed to sit down due to her high-risk pregnancy. Even though Plaintiff's supervisors knew her condition, they would mock and harass Plaintiff for sitting down.

11.    On or about March 2, 2020, and perhaps due to complications and additional stress

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

1   from the workplace harassment, Plaintiff was required to undergo surgery where she lost the baby
2   and almost lost her life.

3       12.    Thereafter, Plaintiff took a leave of absence. When Plaintiff returned, the harassment
4   by her supervisors and others intensified, and Plaintiff feared she would lose her job. The harassment
5   often related to Plaintiff's ongoing need for rest breaks, which were typically taken late or excluded
6   altogether.

7       13.    As a result of losing her baby, almost losing her own life, and being subjected to
8   ongoing mistreatment at work, which caused Plaintiff additional stress, Plaintiff began suffering from
9   depression and anxiety and began treatment and medication to mitigate her symptoms. Plaintiff
10   notified Defendant Walmart's Ethics Department of her situation and the ongoing harassment.

11       14.    In or about July 2020, Plaintiff was exposed to COVID-19 and required to quarantine.
12   Plaintiff submitted the necessary leave approvals to Sedgwick, Defendant Walmart's leave
13   administrator, but management would nefariously change Plaintiff's entries in the Sedgwick portal,
14   thereby complicating Plaintiff leave and causing her to fear she would be wrongfully terminated.

15       15.    In or about November 2020, Plaintiff was again exposed to COVID-19 and again
16   required to quarantine. While Plaintiff was quarantining, Defendant Walmart wrongfully terminated
17   her employment. Plaintiff disputed the termination, and was eventually reinstated after about two
18   months. Even though she was reinstated, the experience of being wrongfully terminated and fighting
19   for her job only exacerbated Plaintiff's depression and anxiety.

20       16.    During Plaintiff's employment with Defendant Walmart, she applied for available
21   management positions for which she was qualified. In or about November 2019, Plaintiff applied
22   for the position of Garden Manager. Plaintiff was also told by the manager responsible for hiring
23   that because Plaintiff is a woman, she was not strong enough to do the job. On or about May 15,
24   2020, Plaintiff applied for the position of Lead Home Lines Manager, but was denied the position in
25   retaliation for having complained about discrimination and retaliation.

26       17.    Plaintiff filed at least two formal complaints of discrimination, harassment, and failure
27   to accommodate with Defendant Walmart's Ethics Department. Plaintiff also complained to the
28   Store Manager. Plaintiff did not receive any resolution to her complaints.

18.     Plaintiff was also harassed and mistreated in retaliation for making complaints to Defendant Walmart's Ethics Department.   The harassment and mistreatment included micromanaging Plaintiff, excluding Plaintiff from rest breaks, making comments about Plaintiff taking rest breaks, refusing to engage in the interactive process and provide reasonable accommodation, denying her promotions, stalking her during rest breaks, messing with her leave paperwork, making comments about her sitting down, and setting up Plaintiff to fail.

19.     On or about November 11, 2020, Plaintiff submitted a Charge of Discrimination with the Equal Employment Opportunity Commission.   After submitting her Charge, Plaintiff again experienced retaliation, harassment, and mistreatment, including further micromanagement, being excluded from rest breaks, comments about Plaintiff taking rest breaks, stalking Plaintiff during rest breaks, and setting up Plaintiff to fail.

20.     Due to the ongoing harassment, discrimination, retaliation, depression, anxiety, and stress, Plaintiff took an approved leave of absence from approximately January 2021 to May 2021. Once again, Defendant Walmart wrongfully terminated Plaintiff during her approved leave, and once again, Plaintiff had to fight for reinstatement, thereby further exacerbating her depression, anxiety, and related symptoms.

21.     The discrimination, harassment, retaliation, and mistreatment have continued to date. For example, on or about May 2, 2022, Plaintiff was wrongfully removed from the work schedule for two weeks. Plaintiff contacted her manager and was told that Plaintiff was on a leave of absence. Plaintiff explained that she had not been in touch with Sedgwick for some time and had not made any recent requests for a leave. Plaintiff's manager told her to contact Sedgwick.

22.     Plaintiff contacted Sedgwick and Sedgwick seemed confused about her leave. Plaintiff believes Defendant Rodriguez was messing with Plaintiff's scheduling in retaliation for including Defendant Rodriguez in her complaints. Plaintiff's belief is based on Defendant Rodriguez repeatedly attempting to get rid of Plaintiff and improperly altering Plaintiff's schedule.

23.     Plaintiff was unable to take timely, 10-minute, uninterrupted rest breaks due to her department being understaffed, and due to the harassment she received by her managers, supervisors, and others as described herein.   Plaintiff's rest breaks and meal periods were also sometimes

1 interrupted by her managers, supervisors, and others.  For example, sometimes she would hear her
2 name over the walkie talkie and be required to respond.  If she did not respond, her supervisors and
3 managers would make negative comments about her.

4     24.    Plaintiff was sometimes required to perform off the clock work.  For example, after
5 clocking out, Plaintiff's manager would require Plaintiff to perform some additional task even though
6 that manager knew Plaintiff had clocked out.  Plaintiff was never paid for this time.

7     25.    Plaintiff was required to use her personal cell phone for work purposes.  For example,
8 Plaintiff was required to download the Walmart App on her personal phone and use that app to check
9 prices and to price match.  Plaintiff was never reimbursed for the business use of her personal cell
10 phone.

11     26.    On or about April 7, 2022, Plaintiff requested copies of her personnel and payroll
12 records pursuant to the Labor Code.  Defendant Walmart never provided these records.

13     27.    Within the time provided by law, Plaintiff filed a complaint with the California
14 Department of Fair Employment and Housing, in full compliance with the California Fair
15 Employment and Housing Act, and received a "right-to-sue" letter.

16
### FIRST CAUSE OF ACTION
**Pregnancy Disability Discrimination**
**(Against Defendant Walmart)**
17

18     28.    The allegations set forth in this complaint are hereby re-alleged and incorporated by
19 reference.

20     29.    Defendant Walmart has breached its statutory and self-imposed duties owed to
21 Plaintiff under Defendant Walmart's representations, policies, and procedures, and under California
22 law.  At all times, Government Code section 12900 et seq. was in full force and effect and binding
23 upon Defendant Walmart.  Government Code section 12940(a) provides that it is an unlawful
24 employment practice for an employer, because of pregnancy and/or sex, to subject an employee to
25 an adverse employment action such as termination. Cal. Gov. Code § 12940.

26     30.    At all relevant times, under information and belief, Plaintiff was an employee of
27 Defendant Walmart.

28     31.    Defendant Walmart terminated Plaintiff's employment and subjected her to other

1  adverse employment actions.

2      32.    Plaintiff's pregnancy and/or sex was a substantial motivating reason for Defendant
3  Walmart's decision to subject Plaintiff to adverse employment actions.

4      33.    As a result of Defendant Walmart's conduct and breach of the code sections, Plaintiff
5  has suffered and will continue to suffer damages, the exact amount of which has not been fully
6  ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but
7  not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses
8  and damages in an amount to be shown at the time of trial.

9      34.    In addition, Plaintiff has been forced as a result of Defendant Walmart's breach to
10  retain a law firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and
11  reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according
12  to proof.

13      35.    As a direct and proximate result of the acts of Defendant Walmart, Plaintiff has
14  sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for
15  Plaintiff's severe emotional distress and other consequential damages in an amount not less than an
16  amount within the jurisdiction of this court, the exact amount to be proven at trial.

17      36.    Plaintiff is informed, believes and thereon alleges that Defendant Walmart acted
18  fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or
19  with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to
20  the direct benefit to Defendant Walmart, knowing that Defendant Walmart's conduct was
21  substantially certain to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under
22  California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendant
23  Walmart.

24                    **SECOND CAUSE OF ACTION**
                      **Pregnancy Disability Harassment**
25                       **(Against All Defendants)**

26      37.    The allegations set forth in this complaint are hereby re-alleged and incorporated by
27  reference.

28      38.    At all relevant times, Plaintiff was an employee of Defendant Walmart.

                                                        PLAINTIFF'S VERIFIED COMPLAINT
                        7                                          FOR DAMAGES

39.     Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including the California Government Code, which provides that no employer or person shall harass an employee on the basis of "sex," which is defined to include pregnancy.

40.     Here, Defendants harassed Plaintiff based on Plaintiff's sex and pregnancy.

41.     As a result of Defendants' conduct and breach of the code sections, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.

42.     In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

43.     As a direct and proximate result of the acts of Defendants, Plaintiff has sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

44.     Plaintiff is informed, believes and thereon alleges that Defendants, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

### THIRD CAUSE OF ACTION
#### Failure to Accommodate
#### (Against Defendant Walmart)

45.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

46. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under California law, including Section 12940(m) of the California Government Code. At all times, Government Code Section 12940(m) was in full force and effect and binding upon defendants. The statute provides that "[i]t shall be an unlawful employment practice ... for an employer ... to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

47. At all relevant times, under information and belief, Plaintiff was an employee of Defendant Walmart.

48. During the relevant time-period, Plaintiff was pregnant and also suffered from depression due to the loss of her baby. These disabilities were known to Defendants.

49. Plaintiff was able to perform the essential duties of her position with reasonable accommodation.

50. Defendants failed to provide Plaintiff with a reasonable accommodation.

51. As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.

52. In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

53. As a direct and proximate result of the acts of Defendants, Plaintiff sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

54. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff,

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

1  and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain

2  to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil

3  Code §3294, in an amount sufficient to punish or to make an example of Defendants.

### FOURTH CAUSE OF ACTION
### Failure to Engage in the Interactive Process
### (Against Defendant Walmart)

6      55.    The allegations set forth in this complaint are hereby re-alleged and incorporated by

7  reference.

8      56.    Defendants and each of them, have breached their statutory and self-imposed duties

9  owed to Plaintiff under California law, including Section 12940(n) of the California Government

10  Code.  At all times, Government Code Section 12940(n) was in full force and effect and binding

11  upon defendants.  This section makes it unlawful for an employer "to fail to engage in a timely, good

12  faith, interactive process with the employee or applicant to determine effect reasonable

13  accommodations, if any, in response to a request for a request for reasonable accommodation by an

14  employee or applicant with a known physical or mental disability or known medical

15  condition."  California case law has established that the request need not include any particular

16  'magic words' to trigger an employer's duty to engage in the interactive process.  *Prilliman v. United*

17  *Air Lines, Inc.* (1997) 53 Cal.App.4th 935.

18      57.    At all relevant times, under information and belief, Plaintiff was an employee of

19  Defendant Walmart.

20      58.    During the relevant time-period, Plaintiff was pregnant and also suffered from

21  depression due to the loss of her baby.  These disabilities were known to Defendants.

22      59.    Plaintiff requested reasonable accommodation so she could perform the essential job

23  requirements of her position, and Plaintiff was willing to participate in an interactive process.

24      60.    Defendants failed to participate in a timely good-faith interactive process with

25  Plaintiff.

26      61.    As a result of Defendants' conduct and breach of the code section, Plaintiff has

27  suffered and will continue to suffer damages, the exact amount of which has not been fully

28  ascertained but is within the jurisdiction of this Court.  Plaintiff is entitled to damages, including, but

1   not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses
2   and damages in an amount to be shown at the time of trial.

3       62.     In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law
4   firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable
5   attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

6       63.     As a direct and proximate result of the acts of Defendants, Plaintiff sustained and
7   continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe
8   emotional distress and other consequential damages in an amount not less than an amount within the
9   jurisdiction of this court, the exact amount to be proven at trial.

10      64.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of them,
11  acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard,
12  and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff,
13  and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain
14  to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil
15  Code §3294, in an amount sufficient to punish or to make an example of Defendants.

16                      **FIFTH CAUSE OF ACTION**
                          **Gender Discrimination**
17                      **(Against Defendant Walmart)**

18      65.     The allegations set forth in this complaint are hereby re-alleged and incorporated by
19  reference.

20      66.     At all relevant times, under information and belief, Plaintiff was an employee of
21  Defendant Walmart.

22      67.     Defendants and each of them, have breached their statutory and self-imposed duties
23  owed to Plaintiff under Defendants' representations, policies and procedures, and under California
24  law, including section 12940(a), of the California Government Code. At all times, Government Code
25  section 12940(a), was in full force and effect and binding upon Defendants. These sections provide
26  that no employer or person shall discriminate against an employee on the basis of "sex" or "gender."

27      68.     Here, Plaintiff was discriminated against because of Plaintiff's sex and/or gender.
28

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

11

69.     As a result of Defendants' conduct and breach of the code sections, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.

70.     In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

71.     As a direct and proximate result of the acts of Defendants, Plaintiff has sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

72.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil Code § 3294, in an amount sufficient to punish or to make an example of Defendants.

## SIXTH CAUSE OF ACTION
### FEHA Retaliation
### (Against Defendant Walmart)

73.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

74.     Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including, but not limited to, California Government Code sections 12940(h) and 12940(m)(2), which were in full force and effect and binding upon Defendants.  These sections and supporting case law provide that no employer shall discriminate and/or retaliate against an employee who has opposed any practices forbidden by the FEHA, who has made a complaint, and/or who has requested

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

1   an accommodation for a disability, medical condition, and/or perceived disability. At all times, these

2   code sections were in full force and effect and binding upon Defendant Walmart.

3      75.     At all relevant times, under information and belief, Plaintiff was an employee of

4   Defendant Walmart.

5      76.     Defendant Walmart terminated Plaintiff's employment and subjected her to other

6   adverse employment actions.

7      77.     Plaintiff's protected activities substantially motivated Defendant Walmart's decision

8   to subject Plaintiff to adverse employment actions, including termination of employment.

9      78.     As a result of Defendant Walmart's conduct and breach of the code section, Plaintiff

10   has suffered and will continue to suffer damages, the exact amount of which has not been fully

11   ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but

12   not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses

13   and damages in an amount to be shown at the time of trial.

14      79.     In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law

15   firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable

16   attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

17      80.     As a direct and proximate result of the acts of Defendants, Plaintiff sustained and

18   continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe

19   emotional distress and other consequential damages in an amount not less than an amount within the

20   jurisdiction of this court, the exact amount to be proven at trial.

21      81.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of them,

22   acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard,

23   and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff,

24   and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain

25   to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil

26   Code §3294, in an amount sufficient to punish or to make an example of Defendants.

27   ///

28   ///

1

2

**SEVENTH CAUSE OF ACTION**
**Violation of Labor Code § 1102.5**
**(Against Defendant Walmart)**

3

82.     The allegations set forth in this complaint are hereby re-alleged and incorporated by

4     reference.

5

83.     California Labor Code §1102.5 (a), in pertinent part, provides:

6

7     [a]n employer, or any person acting on behalf of the employer, shall
      not make, adopt, or enforce any rule, regulation, or policy
8     preventing an employee from disclosing information to a
      government or law enforcement agency, to a person with authority
9     over the employee, or to another employee who has authority to
      investigate, discover, or correct the violation or noncompliance, or
10    from providing information to, or testifying before, any public body
      conducting an investigation, hearing, or inquiry, if the employee has
11    reasonable cause to believe that the information discloses a violation
      of state or federal statute, or a violation of or noncompliance with a
12    local, state, or federal rule or regulation, regardless of whether
      disclosing the information is part of the employee's job duties.
13

84.     California Labor Code §1102.5 (b) provides:
14

15    [a]n employer, or any person acting on behalf of the employer, shall
      not retaliate against an employee for disclosing information, or
16    because the employer believes that the employee disclosed or may
      disclose information, to a government or law enforcement agency,
17    to a person with authority over the employee or another employee
      who has the authority to investigate, discover, or correct the
18    violation or noncompliance, or for providing information to, or
      testifying before, any public body conducting an investigation,
19    hearing, or inquiry, if the employee has reasonable cause to believe
20    that the information discloses a violation of state or federal statute,
      or a violation of or noncompliance with a local, state, or federal rule
21    or regulation, regardless of whether disclosing the information is
      part of the employee's job duties.
22

85.     Labor Code §1102.5 subsections (c)&(d) provides:
23

24    (c) An employer, or any person acting on behalf of the employer,
      shall not retaliate against an employee for refusing to participate in
25    an activity that would result in a violation of state or federal statute,
      or a violation of or noncompliance with a local, state, or federal rule
26    or regulation.
      (d) An employer, or any person acting on behalf of the employer,
27    shall not retaliate against an employee for having exercised his or
28

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

14

1

2

her rights under subdivision (a), (b), or (c) in any former employment.

3

86. At all relevant times, under information and belief, Plaintiff was an employee of Defendant Walmart.

4

5

87. Here, Plaintiff opposed Defendants wrongful and illegal actions, including when she complained about Defendant Rodriguez. At the time she complained, Plaintiff had reasonable cause to believe that the information complained about disclosed a violation and/or noncompliance with law.

6

7

8

9

88. Defendant Walmart terminated Plaintiff's employment and subjected her to other adverse employment actions.

10

11

89. Plaintiff's protected activities were a contributing factor in Defendant Walmart's decision to subject Plaintiff to adverse employment actions, including termination of employment.

12

13

90. As a result of Defendants' conduct and breach of the code section, Plaintiff suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.

14

15

16

17

18

91. In addition, Plaintiff has been forced as a result of defendant's breach to retain a law firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which plaintiffs are entitled to according to proof.

19

20

21

92. As a direct and proximate result of the acts of Defendants, Plaintiff sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

22

23

24

25

93. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain

26

27

28

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

1  to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil

2  Code §3294, in an amount sufficient to punish or to make an example of Defendants.

3  **EIGHTH CAUSE OF ACTION**
**Violation of Labor Code § 6409.6(f)**
4  **(Against Defendant Walmart)**

5  94.    The allegations set forth in this complaint are hereby re-alleged and incorporated by

6  reference.

7  95.    Labor Code section 6409.6(f) provides that an employer shall not retaliate against a

8  worker who is required to quarantine or isolate because of COVID-19.

9  96.    At all relevant times, under information and belief, Plaintiff was an employee of

10  Defendant Walmart.

11  97.    Plaintiff was required to quarantine due to exposure to COVID-19.

12  98.    Defendant Walmart terminated Plaintiff's employment and subjected her to other

13  adverse employment actions.

14  99.    Plaintiff's quarantine/isolation was a contributing factor in Defendant Walmart's

15  decision to subject Plaintiff to adverse employment actions, including termination of employment.

16  100.    As a result of Defendants' conduct and breach of the code section, Plaintiff suffered

17  and will continue to suffer damages, the exact amount of which has not been fully ascertained but is

18  within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost

19  wages, salary, benefits and certain other incidental and consequential expenses and damages in an

20  amount to be shown at the time of trial.

21  101.    In addition, Plaintiff has been forced as a result of defendant's breach to retain a law

22  firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable

23  attorneys' fees in connection herewith, recovery of which plaintiffs are entitled to according to proof.

24  102.    As a direct and proximate result of the acts of Defendants, Plaintiff sustained and

25  continues to suffer severe emotional distress.  Plaintiff seeks general damages for Plaintiff's severe

26  emotional distress and other consequential damages in an amount not less than an amount within the

27  jurisdiction of this court, the exact amount to be proven at trial.

28

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

16

103.    Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**NINTH CAUSE OF ACTION**
**Violation of Labor Code § 98.6**
**(Against Defendant Walmart)**

104.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

105.    California Labor Code section 98.6(a) provides:

> A person shall not discharge an employee or in any manner discrimination, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter . . . or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

106.    At all relevant times, under information and belief, Plaintiff was an employee of Defendant Walmart.

107.    Plaintiff engaged in various protected activities as described herein.

108.    Defendant Walmart terminated Plaintiff's employment and subjected her to other adverse employment actions.

109.    Plaintiff's protected activities were a contributing factor in Defendant Walmart's decision to subject Plaintiff to adverse employment actions, including termination of employment.

110.    As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

1  not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses
2  and damages in an amount to be shown at the time of trial.

3      111.    In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law
4  firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable
5  attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

6      112.    As a direct and proximate result of the acts of Defendants, Plaintiff sustained and
7  continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe
8  emotional distress and other consequential damages in an amount not less than an amount within the
9  jurisdiction of this court, the exact amount to be proven at trial.

10     113.    Plaintiff is informed, believes and thereon alleges that Defendants, and each of them,
11  acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard,
12  and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff,
13  and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain
14  to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil
15  Code §3294, in an amount sufficient to punish or to make an example of Defendants.

16
17                          **TENTH CAUSE OF ACTION**
                  **Failure to Prevent Discrimination, Harassment, and Retaliation**
18                          **(Against Defendant Walmart)**

19     114.    The allegations set forth in this complaint are hereby re-alleged and incorporated by
    reference.

20     115.    Defendants and each of them have breached their statutory and self-imposed duties
21  owed to Plaintiff under Defendants' representations, policies and procedures, and under California
22  law, including Section 12940(k) of the California Government Code.  At all times, Government
23  Code Section 12940 (k) was in full force and effect and binding upon defendants. This section
24  provides that it is unlawful for an employer to fail to take all reasonable steps necessary to prevent
25  discrimination, harassment, or retaliation from occurring.

26     116.    At all relevant times, under information and belief, Plaintiff was an employee of
27  Defendant Walmart.

28

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

117.    As described herein, Plaintiff was subjected to various forms of discrimination, harassment, and retaliation in the course of her employment with Defendant Walmart.

118.    Defendant Walmart failed to take all reasonable steps necessary to prevent discrimination, harassment, and/or retaliation from occurring.

119.    As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.

120.    In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law firm to enforce Plaintiff's rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

121.    As a direct and proximate result of the acts of Defendants, Plaintiff sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

122.    Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**ELEVENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

123.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

124.    "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

1  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or
2  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the
3  defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to
4  exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct
5  must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Hughes*
6  *v. Pair*, 46 Cal.4th 1035,1050–1051 (2009).

7      125.    At all relevant times, under information and belief, Plaintiff was an employee of
8  Defendant Walmart.

9      126.    Here, the acts described above constitute extreme and outrageous conduct by
10  Defendants and each of them.

11      127.    Plaintiff has suffered severe and/or extreme emotional distress.

12      128.    The actual and proximate causation of Plaintiff's emotional distress was Defendants'
13  extreme, outrageous, and/or reckless conduct.

14      129.    Through the extreme, outrageous, and reckless conduct described above, Defendants,
15  by and through their principals, agents, and employees, intended to cause or with reckless disregard
16  for the probability of causing Plaintiff to suffer severe emotional distress.

17      130.    At all relevant times, Defendants, by and through their principals, agents and
18  employees, created, allowed, permitted, facilitated, or had actual or constructive knowledge of the
19  extreme and outrageous conduct described herein, and condoned, ratified, and participated in such
20  extreme and outrageous acts.

21      131.    As a direct and proximate result of Defendants' intentional acts and conduct, Plaintiff
22  has suffered and will continue to suffer depression, emotional distress, and mental pain and anguish.
23  Plaintiff has suffered and will continue to suffer a loss of earnings, wages, and other employment
24  benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in
25  an amount to be proven at trial.

26      132.    The acts of Defendants, as alleged herein, were done with oppression and malice, with
27  a conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff,
28  with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights.

1  The other Defendants and/or their officers and/or managing agents, authorized, adopted, ratified,

2  and/or approved of the unlawful conduct. Consequently, Plaintiff is entitled to punitive damages

3  against Defendants.

4                              **TWELFTH CAUSE OF ACTION**
                       **Wrongful Termination in Violation of Public Policy**
5                              **(Against Defendant Walmart)**

6      133.    The allegations set forth in this complaint are hereby re-alleged and incorporated by

7  reference.

8      134.    "[T]ermination of an employee most clearly violates public policy when it

9  contravenes the provision of a statute forbidding termination for a specified reason . . ." *Diego v.*

10  *Pilgrim United Church of Christ*, 231 Cal.App.4th 913, 926 (2014).

11     135.    At all relevant times, under information and belief, Plaintiff was an employee of

12  Defendant Walmart.

13     136.    Here, Plaintiff engaged in protected activity and was a member of certain classes

14  protected by statute (e.g., sex, pregnancy, and disability).

15     137.    Defendants wrongfully terminated Plaintiff for discriminatory and retaliatory reasons.

16     138.    As a result of Defendants' conduct, Plaintiff suffered and will continue to suffer

17  damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of

18  this Court.

19     139.    Plaintiff is entitled to damages, including, but not limited to lost wages, salary,

20  benefits and certain other incidental and consequential expenses and damages in an amount to be

21  shown at the time of trial.

22     140.    As a direct and proximate result of the acts of Defendants, Plaintiff sustained and

23  continues to suffer severe emotional distress. Plaintiff seeks general damages for Plaintiff's severe

24  emotional distress and other consequential damages in an amount not less than an amount within the

25  jurisdiction of this court, the exact amount to be proven at trial.

26     141.    Plaintiff is informed, believes and thereon alleges that Defendants, and each of them,

27  acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard,

28  and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff,

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

1 and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain
2 to vex, annoy and injure Plaintiff and entitle Plaintiff to punitive damages under California Civil
3 Code §3294, in an amount sufficient to punish or to make an example of Defendants.

4 **THIRTEENTH CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
5 **(Against Defendant Walmart)**

6 142. The allegations set forth in this complaint are hereby re-alleged and incorporated by
7 reference.

8 143. At all relevant times, under information and belief, Plaintiff was an employee of
9 Defendant Walmart.

10 144. Defendants failed to pay Plaintiff minimum wages for all hours worked.

11 145. Accordingly, Plaintiff was required to work without compensation in violation of the
12 Labor Code and applicable Wage Orders.

13 146. Labor Code section 1197 makes it unlawful to pay an employee less than the
14 minimum wage, as established by the Industrial Welfare Commission, for each hour worked.

15 147. Labor Code section 1194 entitles an employee receiving less than the minimum wage
16 to recover, in a civil action, the unpaid balance of minimum wages owing, plus interest thereon,
17 reasonable attorneys' fees, and costs of suit.

18 148. Labor Code section 1194.2 entitles an employee receiving less than the minimum
19 wage to recover liquidated damages in an amount equal to the unpaid minimum wages and interest
20 thereon.

21 149. Defendants have the ability to pay minimum wages for all time worked and have
22 willfully refused to pay such wages with the intent to secure for Defendants a discount upon this
23 indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Plaintiff.

24 150. Plaintiff is entitled to recover the unpaid minimum wages (including double minimum
25 wages), liquidated damages in an amount equal to the minimum  wages unlawfully unpaid, interest
26 thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code & 1194(a).

27 ///
28

## FOURTEENTH CAUSE OF ACTION
### Failure to Pay Overtime Wages
### (Against Defendant Walmart)

151.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

152.   At all relevant times, under information and belief, Plaintiff was an employee of Defendant Walmart.

153.   Under California's overtime pay laws, an employee is entitled to be paid overtime pay at a rate of time and one half for: (1) each hour worked over eight in a single workday; (2) each hour worked over forty in a single workweek, and (3) the first eight hours worked on the seventh day of work in any workweek. California's overtime pay laws also require employers to pay employees who work in California double time for: (1) each hour worked over twelve in a single day and (2) each hour worked over eight on the seventh consecutive day of work in any given workweek.

154.   Here, Defendants failed to pay Plaintiff overtime wages that Plaintiff was entitled to.

155.   Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code 204, which requires that all wages be paid semimonthly. Defendants have failed to pay all wages and overtime compensation earned by Plaintiff. Each such failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California Labor Code § 204.

156.   Plaintiff has been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

157.   Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all Plaintiff's unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

## FIFTEENTH CAUSE OF ACTION
### Failure to Pay Wages Owed
### (Against Defendant Walmart)

158.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

1   159.   At all relevant times, under information and belief, Plaintiff was an employee of
2   Defendant Walmart.

3   160.   Defendants failed to pay Plaintiff wages for all hours worked.

4   161.   Accordingly, Plaintiff forced to work without compensation in violation of the Labor
5   Code and applicable Wage Orders.

6   162.   Accordingly, Plaintiff is entitled to recover the unpaid balance of the wages owed,
7   plus interest thereon, reasonable attorneys' fees, and costs of suit. Plaintiff is also entitled to liquidate
8   damages in an amount equal to the unpaid wages and interest thereon.

9   163.   Defendants had the ability to pay wages for all time worked and have willfully refused
10   to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with
11   the intent to annoy, harass, oppress, hinder, delay, or defraud Plaintiff.

12
### SIXTEENTH CAUSE OF ACTION
**Rest Period Liability**
**(Against Defendant Walmart)**
13

14   164.   The allegations set forth in this complaint are hereby re-alleged and incorporated by
15   reference.

16   165.   At all relevant times, under information and belief, Plaintiff was an employee of
17   Defendant Walmart.

18   166.   Plaintiff worked shifts greater than five (5) hours. Pursuant to the Labor Code and the
19   applicable IWC Wage Order, Plaintiff was entitled to paid rest breaks of not less than ten (10) minutes
20   for each four (4) hours, or substantial fraction thereof, that Plaintiff worked in a day.

21   167.   The applicable Wage Order requires an employer to pay an employee an additional
22   hour of compensation for every shift in which said employee was not authorized or permitted to take
23   a mandated rest period. California Labor Code section 226.7(b) likewise requires an employer to pay
24   an employee an additional hour of compensation for every shift that a rest period mandated by the
25   California Wage Orders is not provided.

26   168.   At all relevant times herein, Defendants have failed and/or refused to provide Plaintiff
27   with the additional compensation for missed rest periods required by California Labor Code section
28   226.7 and the applicable Wage Order.

24

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

1

2

## SEVENTEENTH CAUSE OF ACTION
### Meal Period Liability
### (Against Defendant Walmart)

3

169.    The allegations set forth in this complaint are hereby re-alleged and incorporated by

4

reference.

5

170.    At all relevant times, under information and belief, Plaintiff was an employee of

6

Defendant Walmart.

7

171.    Plaintiff worked shifts greater than five (5) hours. Pursuant to Labor Code § 512 an

8

employer may not employ someone for a shift of more than five (5) hours without providing him or

9

her with a meal period of not less than thirty (30) minutes. Additionally, Labor Code § 512 holds that

10

an employer shall not employ an employee for a work period of more than ten (10) hours per day

11

without providing the employee with a second meal period of not less than thirty (30) minutes.

12

172.    Defendants failed to provide Plaintiff with meal periods as required under the Labor

13

Code.

14

173.    Pursuant to Labor Code 226.7, Plaintiff is entitled to damages in an amount equal to

15

one (1) hour of wages at Plaintiff's effective hourly rate of pay for each meal period not provided or

16

deficiently provided, a sum to be proven at trial.

17

## EIGHTEENTH CAUSE OF ACTION
### Failure to Provide Accurate, Itemized Wage Statements
### (Against Defendant Walmart)

18

19

174.    The allegations set forth in this complaint are hereby re-alleged and incorporated by

20

reference.

21

175.    California Labor Code §226(a) requires an employer to furnish each of his or her

22

employees with an accurate, itemized statement in writing showing the gross and net earnings, total

23

hours worked, and the corresponding number of hours worked at each hourly rate; these statements

24

must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay

25

the employee's wages; or, if wages are paid by cash or personal check, these statements may be given

26

to the employee separately from the payment of wages; in either case the employer must give the

27

employee these statements twice a month or each time wages are paid.

28

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

176.    Defendants failed to provide Plaintiff with accurate, itemized wage statements in writing as required by the Labor Code. Specifically, the wage statements given to Plaintiff failed to account for the unpaid wages, overtime, and premium pay for deficiently provided meal periods and rest breaks all of which Defendants knew, or reasonably should have known, were owed to Plaintiff as alleged above.

177.    Moreover, Defendants failed to timely pay Plaintiff wages on a semimonthly basis as required under Labor Code § 204. Defendants also failed to maintain records showing accurate hours worked daily and the wages paid to Plaintiff, as well as the meal and rest periods taken by Plaintiff, as required by Labor Code § 1174 and the applicable IWC Wage Order.

178.    As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Plaintiff suffered injuries, including among other things confusion over whether Plaintiff received all wages owed to Plaintiff, the difficulty and expense involved in reconstructing pay records, and forcing Plaintiff to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

179.    Pursuant to Labor Code §§ 226(a) and 226(e), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff is also entitled to an award of costs and reasonable attorneys' fees.

## NINETEENTH CAUSE OF ACTION
### Waiting Time Penalties
### (Against Defendant Walmart)

180.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

181.    At all relevant times, under information and belief, Plaintiff was an employee of Defendant Walmart.

182.    Sections 201 and 202 of the California Labor Code require employers to promptly pay all wages owing to an employee at the conclusion of employment.

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

183.    Here, Defendants willfully failed to pay Plaintiff all wages due and certain at the time of termination.

184.    The wages withheld from Plaintiff by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

185.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles Plaintiff to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due. Plaintiff is also entitled to Plaintiff's reasonable attorneys' fees and costs.

## TWENTIETH CAUSE OF ACTION
### Violation of Business and Professions Code § 17200 et seq.
### (Against Defendant Walmart)

186.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

187.    At all relevant times, under information and belief, Plaintiff was an employee of Defendant Walmart.

188.    Plaintiff brings this claim pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

189.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

190.    Business & Professions Code § 17200 et seq. prohibits unlawful and unfair business practices.

191.    Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under

27

1  substandard and unlawful conditions, and to protect law-abiding employers and their employees from
2  competitors who lower costs to themselves by failing to comply with minimum labor standards.

3      192.    Defendants have violated statutes and public policies. Through the conduct alleged in
4  this Complaint Defendants have acted contrary to these public policies, have violated specific
5  provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in
6  violation of Business & Professions Code § 17200 et seq.; which conduct has deprived Plaintiff of
7  the rights, benefits, and privileges guaranteed to all employees under the law.

8      193.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in
9  violation of the Business & Professions Code § 17200 et seq.

10     194.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages,
11  overtime, provide meal periods, etc., either knew or in the exercise of reasonable care should have
12  known that their conduct was unlawful; therefore their conduct violates the Business & Professions
13  Code § 17200 et seq.

14     195.    As a proximate result of the above-mentioned acts of Defendants, Plaintiff has been
15  damaged, in a sum to be proven at trial.

16     196.    Unless restrained by this Court, Defendants will continue to engage in such unlawful
17  conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such
18  orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use
19  by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the
20  Business & Professions Code, including but not limited to the disgorgement of such profits as may
21  be necessary to restore Plaintiff to the money Defendants have unlawfully failed to pay.

22
23                          **TWENTY-FIRST CAUSE OF ACTION**
                            **Failure to Produce Payroll Records**
24                            **(Against Defendant Walmart)**

25     197.    The allegations set forth in this complaint are hereby re-alleged and incorporated by
26  reference.

27

28

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

198. Plaintiff requested copies of her payroll records on or about April 7, 2022, but never received a copy of the records.  This is a violation of Labor Code section 226(b) and Plaintiff is entitled to recover a penalty of $750 and all attorney's fees and costs related thereto.

### TWENTY-SECOND CAUSE OF ACTION
### Failure to Produce Personal Records
### (Against Defendant Walmart)

199. The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

200. Plaintiff requested copies of her payroll records on or about April 7, 2022, but never received a copy of the records.  This is a violation of Labor Code sections 1198.5 and 432 and Plaintiff is entitled to recover a penalty of $750 and all attorney's fees and costs related thereto .

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants and any other defendants who may be later added to this action as follows:

1. For general, special, and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;

2. For compensatory damages, including, but not limited to, lost wages, unpaid wages, unpaid commissions, lost benefits, and noneconomic damages in an amount according to proof;

3. For liquidated damages in the amount equal to unpaid minimum, regular, and/or overtime wages and interest thereof;

4. For compensatory damages in the amount of the regular rate made by Plaintiff for each missed or deficient meal period where no premium pay was paid;

5. For compensatory damages in the amount of the regular rate made by Plaintiff for each missed or deficient rest break where no premium pay was paid;

6. For penalties available under the causes of action pled herein, including penalties available pursuant to Labor Code sections 203, 226(e), and 1102.5, as may be proven;

7. For restitution for unfair competition pursuant to Business & Professions Code § 17200 et seq., including disgorgement or profits, as may be proven;

8.      For an order enjoining Defendants and their agents and employees and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

9.      For attorneys' fees and costs pursuant to all applicable statutes or legal principles;

10.     For cost of suit incurred;

11.     For prejudgment interest on all amounts claimed pursuant to all applicable statutes or legal principles;

12.     For punitive damages or other penalties recoverable by law;

13.     For economic damages;

14.     For non-economic damages; and

15.     For such other and further relief as the court may deem proper.

Dated:  May 10, 2022

WEBBER LAW GROUP, P.C.

By: _____
Douglas M. Egbert
Shaelyn A. Stewart
Joseph D. Parsons

Attorneys for Plaintiff TABATHA MILLER

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury for this matter.

Dated:  May 10, 2022

WEBBER LAW GROUP, P.C.

By: _____
Douglas M. Egbert
Shaelyn A. Stewart
Joseph D. Parsons

Attorneys for Plaintiff TABATHA MILLER

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES

## VERIFICATION OF COMPLAINT FOR DAMAGES

I, TABATHA MILLER, have read the attached Complaint for Damages and hereby attest that the same is true of my own knowledge, except as to those matters which are therein stated on information or belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This    verification    is    executed    on    5/10/2022 _____(date), in

Antioch
_____(city), California, 94531 _____(zip code).

_____
ID bE1peFJbVLoGwiBPtdkAb8eA
TABATHA MILLER

PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES